UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMELIO C. MEZA,<br><br>        Plaintiff,<br><br>    v.<br><br>FCA US, LLC,<br><br>        Defendant. | No.  1:22-cv-00828-ADA-EPG<br><br>ORDER GRANTING PARTIES'<br>STIPULATION TO ENTRY OF JUDGMENT<br>UNDER FED. R. CIV. P. 68 AND<br>GRANTING PARTIES' STIPULATION TO<br>PLAINTIFF'S ATTORNEYS' FEES, COSTS,<br>AND EXPENSES<br><br>(ECF Nos. 17, 18) |

On July 6, 2022, Plaintiff Romelio C. Meza ("Plaintiff") commenced this action against Defendant FCA US, LLC ("Defendant"), alleging violations of California Civil Code §§ 1793.2(d), 1793.2(b), 1793.2(A)(3), and breaches of the implied warranty of merchantability.  (*See* ECF No. 1 at 8-11.)  Currently before the Court are the Parties' request for entry of judgment under Federal Rule of Civil Procedure 68 filed on March 15, 2023, and the Parties' stipulation to Plaintiff's award of attorneys' fees and costs, filed on April 5, 2023.  (*See* ECF Nos. 17, 18.)  Therein, Plaintiff asserts that he accepted Defendant's offer of judgment pursuant to Rule 68.  (ECF Nos. 17 at 2; 18 at 1.)  The Parties attached the offer of judgment as Exhibit 1 to their request for entry of judgment. (ECF No. 17 at 3-6.)

///

///

1

**I.   Legal Standard**

According to Rule 68 of the Federal Rules of Civil Procedure,

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued.  If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service.  The clerk must then enter judgment.

Fed. R. Civ. P. 68.  The rule further provides that "[a]n unaccepted offer is considered withdrawn." Fed. R. Civ. P. 68(b).  "A Rule 68 offer is more consequential than a run-of-the-mill settlement offer: 'If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."  Fed. R. Civ. P. 68(d); *Kubiak v. Cnty. of Ravalli*, 32 F.4th 1182, 1187 (9th Cir. 2022).

Consequently, "a plaintiff who receives a Rule 68 offer is in a difficult position, because a Rule 68 offer has a binding effect when refused as well as when accepted; this results from the Rule's cost-shifting mechanism, which becomes operative upon failure to accept."  *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402 (8th Cir. 1988) (internal quotation marks and citation omitted). Rule 68 can also be a high-stakes proposition for defendants.  *Kubiak*, 32 F.4th at 1187.  "It is widely accepted that '[t]he [Rule 68] offer, once made, is non-negotiable . . . .'" *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1223 (9th Cir. 2016) (quoting *Nusom v. Comh Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997)).  In addition, Rule 68 offers of judgment are analyzed in the same manner as any contract, so any ambiguities are construed against the drafter. *Kubiak*, 32 F.4th at 1187 (quoting *Miller v. City of Portland*, 868 F.3d 846, 851 (9th Cir. 2017)) (internal quotation marks and citation omitted).

As for attorneys' fees and costs, an award is mandatory when Rule 68 operates.  *Danow v. Law Office of David E. Borback, P.A.*, 634 F. Supp. 2d 1337, 1341 (S.D. Fla. 2009) (citing *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997).  A plaintiff who accepts an offer of judgment is entitled to "costs then accrued."  Fed. R. Civ. P. 68; *Holland v. Roeser*, 37 F.3d 501, 503 (9th Cir. 1994).  In other words, a plaintiff who accepts a Rule 68 offer is entitled to attorney's fees accrued

///

2

1  at the time of the offer.  *Holland*, 37 F.3d at 503 (citing *Marek v. Chesny*, 473 U.S. 1, 9 (1985)).

2  **II.    Discussion**

3      Here, the Court finds that the Parties complied with Rule 68 of the Federal Rules of Civil

4  Procedure, and the Court directs the Clerk of Court to enter the judgment accordingly.  "Rule 68

5  allows no discretion on the part of the district court.  If the plaintiff accepts a Rule 68 offer, 'it is

6  automatically entered by the clerk of court.'"  *Beauchamp*, 816 F.3d at 1223 (quoting *Nusom*, 122

7  F.3d at 834).  The jury trial is set for July 23, 2024, so Defendant must have served on Plaintiff an

8  offer to allow judgment on specified terms, with the costs accrued, no later than July 9, 2024.  (*See*

9  ECF No. 16.)   Defendant timely served on Plaintiff the offer to allow judgment on December 9,

10  2022.  (*See* ECF No. 17 at 7.)  Plaintiff had to respond within 14 days of being served Defendant's

11  offer of judgment, providing written notice of accepting the offer.  *See* Fed. R. Civ. P. 68(a).  On

12  December 12, 2022, Plaintiff timely accepted the offer and provided written notice of the

13  acceptance to Defendant.  (*See* ECF No. 17 at 6.)   Thereafter, Plaintiff filed the offer and notice of

14  acceptance, plus proof of service, with the Court on March 5, 2023.  (*See id.*)  Thus, the Clerk of

15  Court must enter judgment.

16      On April 4, 2023, the Parties also filed a stipulation to Plaintiff's fees, costs, and expenses.[1]

17  (ECF No. 18.)  Therein, the Parties stipulate to Defendant paying $9,000.00 to resolve Plaintiff's

18  attorneys' fees, costs, and expenses within sixty days of execution of this order.  (*Id.* at 1.)  In

19  Defendant's offer of judgment, "[Defendant] offers to pay reasonable costs, expenses, and

20  attorneys' fees pursuant to a properly noticed motion pursuant to Civil Code Section 1794(d)."

21  (ECF No. 17 at 5.)  The offer of judgment further provides that, "Plaintiff shall not recover post-

22  offer costs, including attorneys' fees from the date of this Statutory Offer."  (*Id.*)

23      As the Parties have demonstrated good cause, stipulating to Plaintiff's award of attorneys'

24  fees and costs, the Court grants the Parties' stipulation and directs Defendant to pay $9,000.00 to

---

[1] On April 26, 2023, the Court issued a minute order denying, without prejudice, the Parties' stipulation regarding Plaintiff's attorney's fees and costs and directing the Parties to re-file the stipulation with additional information for the Court to determine the reasonableness of the attorneys' fees and costs.  (*See* ECF No. 20.)  The Court vacates the minute order entered on April 26, 2023 and reinstates the Parties' stipulation filed on April 5, 2023.  (*See* ECF No. 18.)  The Court considers the merits of the stipulation in this order.

1  Plaintiff within sixty days of entry of this order.  *Holland*, 37 F.3d at 503.

2  **III.     Conclusion**

3      Accordingly,

4      1.  The Parties' request for judgment under Federal Rule of Civil Procedure 68, (ECF No. 17),

5          is granted;

6      2.  The Parties' stipulation to Plaintiff's fees, costs, and expenses, (ECF No. 18), is granted;

7      3.  Defendant must pay $9,000.00 to Plaintiff within sixty (60) days of entry of this order; and

8      4.  The Clerk of Court is directed to enter the judgment in favor of Plaintiff pursuant to

9          Defendant's offer of judgment under Rule 68, (ECF No. 17), and close the case.

10

11

12  IT IS SO ORDERED.

13      Dated:   June 30, 2023     _____

14                                    UNITED STATES DISTRICT JUDGE

4